**G.O.C. Invs. Cos. Inc. v BSD Tree, Inc.**

2026 NY Slip Op 30949(U)

March 10, 2026

Supreme Court, New York County

Docket Number: Index No. 656001/2025

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. MELISSA A. CRANE**                    PART                    **60M**

*Justice*

--------------------------------------------------------------------------------X

G.O.C. INVESTMENTS COMPANIES INC.          **INDEX NO.**        656001/2025

                                Plaintiff,

                                                                    10/08/2025,
                                                                    01/29/2026,
                                **MOTION DATE**        02/26/2026

                        - v -

BSD TREE, INC.,                             **MOTION SEQ. NO.**    001 002 003

                                Defendant.             **DECISION + ORDER ON
                                                             MOTION**

--------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 4, 5, 6, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24

were read on this motion to/for           SUMMARY JUDGMENT(BEFORE JOIND)           .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48

were read on this motion to/for           SUBPOENA           .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 52, 53, 54, 55

were read on this motion to/for           EXTEND - TIME           .

Motion 1 is a CPLR 3213 motion.  In regards to that motion, plaintiff established, *prima facie*, that defendant BSD failed to pay under a Settlement Agreement dated May 13, 2025 [EDOC 42], resolving the cases of G.O.C. INV. COMPANY INC. v. BSD LEASING INC., et al, Index No.: 650785/2024, and a parallel declaratory judgment action, GOC BSD LEASING INC., et al v. G.O.C. INVESTMENTS COMPANY INC. et al, Index No.: 654677/2023.

There is no dispute that BSD failed to make the first two $200,000 payments due under the settlement agreement on June 12, 2025 and June 27, 2025. Nor is there a dispute that the Settlement Agreement contains a mandatory acceleration clause:

§ 3.2 (Initial Payment Obligations.)

[* 1]

"... Failure by BSD to transfer the First Payment or the Second Payment within the specified timeframes, shall constitute a material breach of this Agreement. In the event of such a breach, the full remaining balance of the Debt <u>shall become immediately due and payable</u>." [emphasis added].

Because BSD failed to make either initial payment, the entire US $2,835,000.00 debt automatically became immediately due and payable to GOC by operation of the Settlement Agreement's express terms in § 3.2.

In opposition, defendant makes one specious argument after the next. First, defendant claims that a subsequent Vehicle Transfer Agreement (VTA), dated August 28, 2025, renders the Settlement Agreement no longer an instrument for the payment of money only. Defendant is wrong.

When defendant failed to make payment under the Settlement Agreement, GOC entered into the VTA as a forbearance. According to <u>defendant's</u> <u>memorandum of law</u> (defendant did not make the VTA part of the docket):

> the "VTA established an alternative payment mechanism whereby BSD would transfer vehicles of specified value to GOC to satisfy the Debt. The VTA explicitly states it is "in addition to, and ancillary and supplementary to, and <u>does not replace, nullify or cancel BSD's obligations under the Settlement Agreement</u>." It further provides that BSD's obligations under Section 3.2 of the Settlement Agreement "shall be deemed satisfied and to cure any alleged default" only upon "full and final satisfaction of all terms" of the VTA's immediate vehicle transfer provisions."

[EDOC 19 at 3]).

However, it is undisputed that, in addition to failing to pay the debt, defendant never transferred a single vehicle by the due date of 9/2/2025. Thus, according to defendant's own reporting of what the VTA calls for, BDS' obligations under the Settlement Agreement remain outstanding and enforceable.

656001/2025 G.O.C. INVESTMENTS COMPANIES INC. vs. BSD TREE, INC.
Motion No. 001 002 003

Page 2 of 5

2 of 5

Defendant next contends that there was never an appraisal of the vehicles, but does not dispute that plaintiff waived the appraisal provision in the VTA [see EDOC 23 Ex. F). Thus, any failure to appraise the vehicles is defendant's own fault.

Defendant also contends that plaintiff never showed up to pick up the cars it had parked in a lot in Queens. But, defendant never explains how leaving the cars in a parking lot in Queens would satisfy the VTA's "transfer of vehicles" requirement, especially as defendant admittedly never transferred title. Again, defendant has failed to provide the VTA on the docket and therefore its opposition is all the more woefully insufficient.

Motion 2 is defendants' motion for issuance of letters of request. This motion appears to be a red herring attempt to create issues of fact in order to oppose the CPLR 3213 request in motion 1. Section 9.4 of the Settlement Agreement provides:

> "9.4. Litigation. No action, proceeding or governmental inquiry or investigation is pending or, to Guy or Uri's knowledge, threatened against <u>GOC</u> or against any of its respective assets before any court, arbitration board or tribunal or administrative or other governmental agency. (Aside from the Parties' litigation.)" (emphasis added)

Aside from making this representation in the Settlement Agreement, defendant does not contest that there is also a letter from Israeli counsel on January 13, 2026, that further satisfy the assurances that there is nothing threatened against <u>GOC</u> (see EDOCS 33 and 34). Defendant contends that it needs the discovery because:

> While the letter dated January 13, 2026, mirrors the language of the March 13, 2025, agreement, it is silent regarding any investigations, actions (criminal or civil), inquiries, or proceedings against Yuval and Arad, who are the only owners of GOC. Such information concerning Yuval and Arad is material and relevant to these proceedings because GOC is their asset, and any action against them can result in an investigation of GOC and BSD.

**656001/2025  G.O.C. INVESTMENTS COMPANIES INC. vs. BSD TREE, INC.**
**Motion No.  001 002 003**

**Page 3 of 5**

3 of 5

[EDOC 26 pg. 3]. Notably, defendant ignores the actual requirement in the contract which was to provide assurances as to <u>GOC</u> only. There is no dispute that the assurances as to GOC did in fact occur.

Defendant next claims that Mr. Arad allegedly confessed during a November 26, 2024 settlement meeting that "he [singular] was the subject of a criminal tax investigation" in Israel. Again, defendant has failed to show a breach of § 9.4 that only applies to <u>GOC</u>. Moreover, the November 26, 2024 meeting, during which the alleged confession was made, was well before defendant signed the Settlement Agreement in May 2025, and is therefore all the more irrelevant.

The court granted motion 3, plaintiff's motion to extend his time to interpose reply papers, on the record. The court cautions plaintiff that further applications of this sort need to be dealt with over email first.

The court has considered defendant's remaining contentions and finds them unavailing. Accordingly, it is

ORDERED THAT the court grants motion 1 and directs the clerk to enter judgment against defendant BSD Tree, Inc in the amount of $2,835,000.00 with statutory interest from June 27, 2025; and it is further;

ORDERED THAT the court denies motion 2; and it is further

ORDERED that the court grants motion 3.

The clerk is directed to mark this case disposed.

20260311161202MACRANEB5CD0154234D4B11A5B2C12C7DDA5230

| 3/10/2026 | | MELISSA A. CRANE, J.S.C. |
| DATE | | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

656001/2025   G.O.C. INVESTMENTS COMPANIES INC. vs. BSD TREE, INC.
Motion No.  001 002 003

Page 5 of 5

5 of 5